I respectfully dissent.
All three certified questions are grounded on the "given" proposition "that only punitive damages are recoverable in an Alabama wrongful death suit." It is the self-contradictory anomaly implicit within the second "given" — "that punitive damages are not apportionable among [joint tort-feasors] according to fault" — that highlights thesingle inquiry before the Court. Undoubtedly prompted by this Court's decision in Black Belt Wood Co. v.Sessions, 514 So.2d 1249 (Ala. 1987) (a case in which the "apportionment of damages" issue was not properly before this Court on return after a Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), remand), the federal district court, appropriately and wisely, has afforded this Court an opportunity to address, before trial, the issue whether, given the "degree of wrong" standard for measuring punitive damages, such damages are apportionable among joint tort-feasors according to the degree of wrong of each defendant.
This question (crying out for an affirmative response) is dramatized by the incongruity of the "nonapportionment" rule: On the one hand, the jury is instructed to measure punitive damages, if any, according to each defendant's degree of wrong; and, on the other hand, if it finds for the plaintiff, the jury is instructed to return a verdict against the defendants for a single amount of damages. The "nonapportionment" rule is based upon a "single recovery" concept — any amount of damages by way of settlement from one or more joint tort-feasors is credited against the subsequent recovery from one or more remaining joint tort-feasors.
Under the "apportionment" rule, punitive damages are assessed according to each joint tort-feasor's proportionate degree of wrong. Thus, under such a rule the amounts already paid by the released defendants would not be taken into account in assessing punitive damages against the trial defendant for its proportionate share of the total culpability contributing to the death of the plaintiff's intestate. The application of the "nonapportionment" rule means that the remaining trial defendant is entitled to credit for the $450,000 already paid. The application of the "apportionment" rule would mean that the plaintiff is entitled to the full amount of punitive damages, if any, awarded against the trial defendant without regard to the amount already paid by the released defendants. (Admittedly, a plaintiff is entitled to recover the total of his compensatory damages without apportionment among joint tort-feasors according to fault, because the function of compensatory damages focuses on the plaintiff's loss. But the function of punitive damages focuses on the degree of the defendant's culpability; and the application *Page 1047 
of the "nonapportionment of damages among joint tort-feasors" rule defeats the very purpose of punitive damages.)
I conclude with this observation: The "apportionment/nonapportionment of punitive damages" dichotomy cannot be defined in terms of "pro-plaintiff" or "pro-defendant." If a plaintiff goes to trial against joint tort-feasors — one solvent and one insolvent — where the solvent defendant's culpability is 10% of the total fault and the insolvent defendant's culpability is 90%, the "nonapportionment" rule may favor the plaintiff. Under the facts of the instant case, however, the "nonapportionment" rule may favor (depending, of course, on the outcome of the trial) the remaining trial defendant by giving it credit for the sums already paid by the released defendants.
This Court should adopt the only rule that makes sense — punitive damages against joint tort-feasors should be apportionable according to each defendant's proportionate degree of culpability. See Black Belt Wood Co. v. Sessions,supra (Jones, J., concurring specially). Thus, the answer to the certified questions should be that the $450,000 already paid by the released defendants has no effect on the trial against the remaining defendant.